IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | )   Criminal Case No. CR-10-90-RAW |
| | ) |
| BILLY JOE YOUNG, JR., | ) |
| | ) |
| Defendant/Petitioner. | ) |

## ORDER

Now before the court is the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) ("motion") filed by *pro se* Defendant Billy Joe Young, Jr. [Doc. 68]. The Government filed an objection to Defendant's motion. [Doc. 76]. Defendant filed a reply. [Doc. 79]. This matter is ripe for ruling.

On January 27, 2011, Defendant pleaded guilty, without a plea agreement, to a single-count indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 25]. On July 13, 2011, the court sentenced Defendant to 188 months of imprisonment, to be followed by three years of supervised release. [Doc. 32]. Judgment was entered on July 20, 2011. [Doc. 36]. Defendant's direct appeal was dismissed by the Tenth Circuit Court of Appeals. [Doc. 48]. Defendant's first § 2255 motion was denied by the court and he did not appeal. [Doc. 54]. Defendant has twice sought authorization from the Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255(h). The Circuit denied Defendant's request for authorization in both instances. [Docs. 58 and 63].

Defendant is a 41-year-old prisoner at FCI Forrest City Medium, a Bureau of Prisons ("BOP") facility in Arkansas.[1] His projected release date is December 19, 2024. Defendant alleges that he started having seizures in 2019, and that he is susceptible to COVID-19. [Doc. 68 at 5]. He contends that the seizures and medications have weakened his body and that he has "lost teeth and fractured several things from falling out having seizures." *Id*. He complains of stomach

---

[1]   *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited March 9, 2023).

and bowel issues. *Id*. Defendant further argues that his ACCA sentence is not supported by his prior felony convictions.[2] [Doc. 68-2 at 1].

Defendant contends that he previously requested compassionate release from wardens at two other BOP facilities where he was housed but did not receive responses.[3] [Doc. 68 at 3, 5]. If released, Defendant plans to live with his sister, two nieces and three nephews in Stilwell, Oklahoma. *Id*. at 8. He claims he can help his sister, who, according to Defendant, is handicapped and "spends over 80% of her time in bed." [Doc. 68-2 at 1]. Defendant further alleges that his adult daughter lost her mother to COVID-19 and that "she needs family." *Id*. He contends that he will be required upon release to complete "drug court" in Tahlequah, Oklahoma, and that he has taken more than 20 courses while incarcerated "to help [him] be a better person." *Id*. He is requesting appointment of counsel. [Doc. 68 at 6].

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[4] *See* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). In the case at hand, the Government "does not challenge whether [Defendant] has exhausted his administrative remedies," noting in part that Defendant had been transferred between three prisons recently. [Doc. 76 at 2]. The Government, however, contends a reduction in sentence is not warranted. The Government points out that Defendant "contracted COVID in December 2020 and recovered with no apparent lasting impact." *Id*. at 3. The Government also informs the court that Defendant refused the COVID-19 vaccine on two separate occasions. [Doc. 76 at 3; Doc. 76-3 at 26-27, 50]. The Government notes that epilepsy, and the other conditions mentioned

---

[2] Defendant unsuccessfully challenged his sentence on direct appeal. [Doc. 48]. His direct appeal was dismissed in 2012. *Id*. Defendant's first § 2255 motion was denied by this court in 2014. [Doc. 54]. In 2016 and 2018, the Circuit rejected his requests to file successive § 2255 motions. [Docs. 58 and 63]. Defendant now challenges his ACCA sentence within his compassionate release motion.

[3] Defendant is now a prisoner at FCI Forrest City Medium. He was a prisoner at USP Victorville in California at the time he filed his motion with the court. [Doc. 68 at 6]. He was evidently a prisoner at USP Terre Haute and USP Coleman II before his transfer to USP Victorville. *Id*. at 3, 5. Defendant claims he submitted his requests for compassionate release to the wardens of USP Terre Haute and USP Coleman II and received no response. *Id*.

[4] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

in Defendant's motion, are not listed by the CDC as medical conditions that places a person at a higher risk of severe illness from COVID-19. [Doc. 76 at 9]. Moreover, the Government claims the BOP "has provided reasonable and responsive care for his wide-ranging medical conditions." *Id*. at 10. Next, pointing to the PSR, the Government contends that Defendant's release would endanger the community. *Id*. at 11-13. Lastly, the Government argues that the factors under 18 U.S.C. § 3553(a) "do not support [his] request for premature, permanent release." *Id*. at 13.

18 U.S.C. § 3582(c)(1)(A) authorizes this court to modify a term of imprisonment, upon a motion filed by a defendant, after the defendant has complied with the statute's exhaustion requirement. The statutory language was amended by the First Step Act, and § 3582(c)(1) now provides, in pertinent part, as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). It appears from the record that this court has authority to consider modification of Defendant's sentence. Defendant claims he submitted a request for compassionate release to his warden at two different facilities, and that he received no response. [Doc. 68 at 3, 5]. The Government does not argue that Defendant failed to exhaust his administrative remedies. Accordingly, Defendant is entitled to move this court for relief.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The Circuit further explained that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

The Sentencing Commission has provided examples of what constitutes an "extraordinary and compelling"[5] circumstance: (1) the inmate's medical condition (i.e. individual has a terminal illness, or serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"); (2) the inmate's age (individual is at least 65 years old, is experiencing a "serious deterioration in physical or mental health because of the aging process," and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less); (3) the inmate's family circumstances (i.e., death or incapacitation of the caregiver of the individual's minor children, or incapacitation of the individual's spouse or registered partner); and

---

[5] Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See* 28 U.S.C. § 994(t). The section provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*.

(4) other reasons in the defendant's case "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1.  In the case at hand, however, Defendant directly filed his motion with the court, and U.S.S.G. § 1B1.13 does not bind the district court when it evaluates a prisoner's compassionate release motion.  *See McGee*, 992 F.3d at 1050 ("We conclude . . . that the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); *see also United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) ("Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); *United States v. Dean*, No. 21-2082, 2022 WL 484241, at *1 (10th Cir. Feb. 17, 2022) (unpublished) ("[U]ntil the Sentencing Commission promulgates new policy statements, a district court may consider only the first and third prerequisites for compassionate release under § 3582(c)(1)(A) because currently there are no applicable policy statements under the second prerequisite.").

The court does not find extraordinary and compelling reasons justifying release.  Defendant is 41 years old and is classified at a "Care2" Care Level (stable, chronic care).  [Doc. 76-1 at 1]. Defendant's health problems include various skin, digestive, substance addiction and orthopedic issues, and an epilepsy/seizure disorder.  [Doc. 76-2 at 6, 19].  His medical records show the BOP provides appropriate medical treatment for his health conditions.  [Docs. 76-2 and 76-3].  His conditions are controlled with medication.

Defendant alleges that he started having seizures in 2019, and that he is susceptible to COVID-19.  Though he suffers in part from epilepsy, the Government correctly points out that epilepsy is not listed by the CDC as a medical condition that places a person at a higher risk of severe illness from COVID-19.[6]  Moreover, Defendant contracted COVID-19 and recovered with no apparent lasting impact.  [Doc. 76-3 at 22].  The court is mindful that, at this time, there are no COVID-19 cases within FCI Forrest City Medium, and though Defendant refuses to be vaccinated, the BOP has made the COVID-19 vaccine available to the staff members and inmates of the

---

[6]   *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 9, 2023).

facility.[7] *See United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (unpublished) (agreeing with Sixth and Seventh Circuits that defendant's incarceration during COVID-19 pandemic does not present extraordinary and compelling reason warranting sentence reduction when defendant has access to COVID-19 vaccine); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [Section 3582(c)(1)(A)], but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

Defendant next informs the court that he can provide care for his sister, and that Defendant's adult daughter lost her mother to COVID-19. Even assuming his sister and his daughter need care, Defendant does not show that others are unavailable to provide for their needs. Defendant also notes that he has completed various courses/classes while incarcerated to help him be a better person. While commendable, such rehabilitation efforts do not constitute extraordinary or compelling reasons for granting compassionate release.

The court has also considered the factors set forth in § 3553(a), to the extent that they are applicable, under step three of the test. A reduction in sentence is not warranted under the particular circumstances of this case. Defendant's inmate profile shows he has a high-risk of recidivism rating. [Doc. 76-1 at 2]. He has <u>numerous</u> disciplinary infractions on his disciplinary record. *Id*. at 12-18. The infractions include refusing work/program assignments, fighting with other inmates, attempting to spit blood at staff, misusing medications, illegally possessing medication, and possessing dangerous weapons. *Id*. Defendant's criminal history (as an adult) dates back to 1999, and in 2001 and 2002, Defendant pled guilty to burglary charges in separate cases in Oklahoma. *PSR* at ¶¶ 33-35. In 2008, Defendant pled guilty to commercial burglary in Arkansas. *Id*. at ¶ 38. In the case at hand, the offense conduct was very serious. On November 27, 2010, Defendant pointed a shotgun at convenience store clerks in Tahlequah, Oklahoma, and

---

[7] There are no confirmed active cases among the inmates and staff at FCI Forrest City Medium. *See* https://www.bop.gov/coronavirus/covid19_statistics.html (last visited March 9, 2023). The website shows 219 inmates and 116 staff members have recovered from the respiratory illness. *Id*. Two inmates have died from COVID-19 at the facility since the beginning of the pandemic. *Id*. A total of 285 staff members and 3,404 inmates at FCI Forrest City Medium have received doses of COVID-19 vaccine and are fully inoculated. *Id*.

demanded money. *Id*. at ¶ 7.  Defendant fled the scene, and was later located on November 29, 2010, in a trailer with the shotgun that he used in the robbery. *Id*. at ¶ 8.  As noted by the Government, "[t]he facts in the PSR and the exhibits at the sentencing hearing showed the shotgun robbery was a leap for Defendant from property crimes to violent crime against a person." [Doc. 76 at 12].  To release Defendant from prison at this time would diminish the seriousness of his crime, would not promote respect for the law or afford adequate deterrence to criminal conduct, and would not serve the need of protecting the public from future crimes.

Finally, the court notes that Defendant's compassionate release motion includes a claim governed by 28 U.S.C. § 2255.  In sum, Defendant argues that his ACCA sentence is not supported by his prior felony convictions. [Doc. 68-2 at 1].  A compassionate release motion "may not be based on claims specifically governed by 28 U.S.C. § 2255." *United States v. Wesley*, ---F.4th---, 2023 WL 2261817, at *10 (10th Cir. Feb. 28, 2023).  The court must dismiss this aspect of Defendant's motion, as an unauthorized successive § 2255 motion, for lack of jurisdiction.  Further, since the court is dismissing the unauthorized successive § 2255 motion on procedural grounds, Defendant must satisfy a two-part standard to obtain a certificate of appealability. Defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Defendant failed to make the required showing under the second part of the standard, and there is no need to address the constitutional question.  Defendant may not file a second or successive § 2255 motion unless he first obtains an order from the Circuit authorizing the district court to consider the motion.  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion.  Therefore, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability will be denied.

Defendant adequately articulated his arguments for relief and his request for counsel is DENIED.[8]  Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 68]

---

[8]  There is no right to counsel in sentence-reduction proceedings. *See United States v. Williams*, 848 Fed.Appx. 810, 813-14 (10th Cir. 2021) (unpublished) (citing *United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished)); *see also Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . .").

is DISMISSED IN PART FOR LACK OF JURISDICTION and DENIED IN PART. A certificate of appealability, on the portion of the court's order dismissing Defendant's motion as an unauthorized successive § 2255 motion, is DENIED.

    It is so ordered this 10th day of March, 2023.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA